IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TANEISHA N. SHOCKEY                                                                 PLAINTIFF

v.                                      CIVIL NO. 20-3028

ANDREW M. SAUL, Commissioner
Social Security Administration                                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Taneisha N. Shockey, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on May 27, 2015, alleging an inability to work since January 1, 2015, due to possible multiple sclerosis. (Tr. 110, 340, 347). For DIB purposes, Plaintiff maintained insured status through September 30, 2018. (Tr. 192, 355). An administrative hearing was held on March 1, 2017, at which Plaintiff, after being informed of her right to representation, testified without the assistance of a representative. (Tr. 81-103).

1

In a written decision dated November 8, 2017, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work with limitations. (Tr. 188-206). Plaintiff requested review of the unfavorable decision by the Appeals Council.  The Appeals Council vacated the ALJ's decision and remanded Plaintiff's case back to the ALJ for further development on November 5, 2018. (Tr. 216-219).  A supplemental administrative hearing was held on March 7, 2019. (Tr. 55-79).

By written decision dated May 22, 2019, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 31). Specifically, the ALJ found Plaintiff had the following severe impairments: a disorder of the neck and back; an adjustment disorder with anxiety and depressed mood, mild to moderate; bipolar disorder; and obsessive-compulsive disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 31). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can only occasionally climb, balance, stoop, kneel, crouch, and/or crawl; the claimant must avoid even moderate exposure to hazards such as dangerous machinery and unprotected heights; the claimant is able to perform work where interpersonal contact is incidental to the work performed, e.g. assembly work, where the complexity of tasks is learned and performed by rote, with few variables, and little judgment, and where the supervision required is simple, direct, and concrete.

(Tr. 33). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an addressing clerk and a cutter/paster of press clippings. (Tr. 42-43).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 5, 2020. (Tr. 1-6).  Subsequently, Plaintiff filed this action.  (Doc. 2).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 5).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 18, 19).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 13th day of January 2021.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE